**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| GEORGE WATERS, JR. and wife<br>MELISSA WATERS,<br><br>    Plaintiffs,<br><br>    v.<br><br>JIM HAWK TRUCK TRAILER, INC.,<br><br>  and<br><br>JIM HAWK TRUCK-TRAILERS OF<br>KANSAS CITY, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:21-CV-00326-W-DGK |

**<u>ORDER SETTING ASIDE ENTRY OF DEFAULT</u>**

This lawsuit stems from an accident allegedly caused by Defendants Jim Hawk Truck Trailer, Inc.'s ("Jim Hawk Iowa") and Jim Hawk Truck-Trailers of Kansas City, Inc.'s ("Jim Hawk KC") failure to properly inspect or maintain a 2007 Wabash Plate trailer. The accident left Plaintiff George Waters severely injured.

Plaintiffs filed the Complaint on May 12, 2021, and purportedly served them a short time later. Defendants failed to answer or otherwise respond, and on July 1, 2021, the Court granted Plaintiffs' motion for entry of default.

Now before the Court is Defendants' Motion to Set Aside Entry of Default and to Quash Service. ECF No. 9. Because Defendants have demonstrated good cause to set aside the entry of default, the motion is GRANTED. The Court ORDERS Defendants to pay Plaintiffs' reasonable costs in bringing the motion for default, responding to Defendant's motion to set aside the entry of default, and preparing for the cancelled damages hearing.

## Standard

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." In determining whether good cause exists, a court weighs "whether the conduct of the defaulting party was blameworthy or culpable." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008). In assessing blameworthiness, the court must distinguish "between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). The Eighth Circuit has consistently excused the latter conduct but never the former. *Id*. In analyzing good cause, the Court also considers "whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson*, 524 F.3d at 912. There is a "judicial preference for adjudication on the merits," and any doubt about setting aside an entry of default should be resolved in favor of setting it aside. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).

## Discussion

Defendants argue they are not blameworthy or culpable because they were not properly served. While Jim Hawk KC makes a colorable argument that Plaintiffs did not properly serve it, the Court holds it was properly served. With respect to the other Defendant, Jim Hawk Iowa, the record demonstrates it was properly served through its designated process agent in Missouri. Although the Court disagrees with Defendants' arguments concerning service, it agrees that both Defendants failure to answer or otherwise respond to Plaintiff's complaint appears to be due to administrative negligence, not intentional delay. Thus, this factor favors setting aside the entry of default.

While the merit of Defendants' proposed defense is debatable, they have alleged the existence of a plausible meritorious defense. This factor weighs in favor of granting the motion.

With respect to the last factor, prejudice, the Court finds Defendants' failure to timely answer or otherwise responded has caused a two month delay in the litigation. However, a court cannot find prejudice from delay alone, *see Johnson*, 140 F.3d at 785, and this delay was relatively short. While Plaintiffs have incurred some expenses they would not have incurred but for Defendants' failure to timely answer or otherwise respond, the Court agrees with Defendants that this prejudice can be cured by their reimbursing Plaintiffs the reasonable cost of these expenses. *See* Reply Br. at 13 (requesting that if the Court is inclined to deny the motion, it instead grant the motion and hold a hearing on whether Defendants should pay the reasonable costs and fees), ECF No. 12; Motion at 1 (requesting "such other and further relief as the Court deems just and equitable"). Hence, granting the motion will not prejudice Plaintiffs so long as Defendants reimburse Plaintiffs their reasonable costs.

## Conclusion

Defendants' motion is GRANTED. The Court ORDERS the Clerk of the Court to set aside the entry of default against Defendant Jim Hawk Truck Trailer, Inc. and Defendant Jim Hawk Truck-Trailers of Kansas City, Inc. Defendants shall answer or otherwise respond on or before September 17, 2021. No extension of time will be granted unless Plaintiffs consent to the extension in writing.

The Court further ORDERS Defendants to pay Plaintiffs' reasonable costs incurred in bringing the motion for default, responding to Defendant's motion to set aside the entry of default, and preparing for the damages hearing that the Court cancelled at the last minute. Plaintiffs and Defendants shall confer on the reasonable amount of these costs.

If the parties cannot reach agreement on this amount by September 17, 2021, then, on or before October 1, 2021, Plaintiffs shall file a request with the Court setting out these costs in detail. This request shall be supported by affidavit or other appropriate documentation. Defendants shall have ten business days to respond. A response is not required and shall not exceed ten pages. If Defendants file a response, Plaintiffs shall have ten business days to reply.[1] The Court will then determine the amount based on the existing record.

**IT IS SO ORDERED.**

Date:  September 10, 2021                    /s/ Greg Kays
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT

---

[1] Plaintiffs may add the reasonable cost of preparing any reply to their initial request.