IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE WATERS, JR. and wife MELISSA WATERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:21-CV-00326-DGK |
| JIM HAWK TRUCK TRAILER, INC., | ) ) ) | |
| and | ) ) | |
| JIM HAWK TRUCK-TRAILERS OF KANSAS CITY, INC., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER REGARDING DISCOVERY DISPUTE

This lawsuit stems from a tractor-trailer tire fire and explosion in 2018. Plaintiffs allege that Defendants Jim Hawk Truck Trailer, Inc.'s ("Jim Hawk Iowa") and Jim Hawk Truck-Trailers of Kansas City, Inc.'s ("Jim Hawk KC") failure to properly inspect or maintain the trailer caused the accident which left Plaintiff George Waters severely injured. Plaintiffs initially sued Jim Hawk Iowa and the owner of the trailer, US Xpress, in Sevier County, Tennessee. After Defendant Jim Hawk Iowa was dismissed for lack of personal jurisdiction, Plaintiffs settled with US Express. Plaintiffs then filed suit in the Western District of Missouri against Jim Hawk Iowa and Jim Hawk KC.

Now before the Court is a dispute concerning the discoverability of Plaintiffs' settlement with US Xpress ("the Settlement"). After reviewing the parties' memos submitted in advance of a discovery dispute teleconference, the Court finds it does not need to hear argument to resolve this dispute. For the following reasons, Plaintiffs' objection is overruled.

Defendants have pled the affirmative defense of entitlement to reduction pursuant to Missouri Revised Statute § 537.060. The elements of this defense are: (1) the existence of a settlement; and (2) the amount paid by the settling tortfeasors. *Sanders v. Ahmed*, 364 S.W.3d 195, 211 (Mo. 2012). To prove the defense, Defendants have sought a copy of the Settlement. Defendants argue the Settlement is directly relevant to their affirmative defense because it alone will show the terms of the settlement (including which parties are covered by the release), and the amount of the reduction to be applied, which they are required to prove. They contend the Settlement is a nonprivileged matter relevant to their defense, so it is discoverable pursuant to Federal Rule of Civil Procedure 26(b)(1).

Plaintiffs concede that the Settlement is discoverable, but argue that to protect the agreement's confidentiality, it should be discoverable at trial, rather than immediately. Plaintiffs note that courts favor settlements, and they suggest that allowing Defendants access to the Settlement before trial will discourage a settlement. They propose that if Defendants continue to plead the affirmative defense of reduction and prove the other elements at trial, then they should "disclose any other necessary material terms of the agreement." Pls.' Memo. at 1. They observe some Missouri trial courts have adopted just such an approach.

Plaintiffs' argument is unpersuasive. The Settlement is discoverable under Rule 26(b)(1) because it is a nonprivileged matter relevant to their defense—indeed, it is a nonprivileged matter that is absolutely necessary to their defense. Plaintiffs' argument concerning confidentiality is a red herring; the Settlement's confidentiality will be protected by the existing protective order. Finally, while courts favor settlements, courts cannot deny a litigant discovery to which it is entitled in order to "encourage" a defendant to settle.

Granted, some trial courts in Missouri denied the defendants access to such material until after trial. But these courts were not applying the Federal Rules of Civil Procedure. And even if Missouri's rules of discovery governed here, the Court would reject Plaintiff's suggestion because the Missouri Supreme Court has explicitly rejected this approach, noting denying such discovery until after trial "frustrated" the defendants' ability to defend themselves. *Sanders*, 364 S.W.3d at 213 (cited in Plaintiffs' own memo). It wrote:

> The trial court has no discretion to deny discovery of matters that are relevant to a lawsuit and are reasonably calculated to lead to the discovery of admissible evidence when the matters are neither work product nor privileged. Here, the discovery of the settlement terms was crucial to Defendants' affirmative defense of reduction, and the discovery denial prejudiced their ability to plead and prove that defense.

*Id*.

Plaintiffs' objection is overruled. Plaintiff shall provide a complete copy of the Settlement on or before January 19, 2023, at 5:00 p.m.

**IT IS SO ORDERED.**

Date:  January 18, 2023   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT